```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
         ASHEVILLE DIVISION
           1:09CV130-MU-02
```

| | |
|---|---|
| JOHN D. LEATHERWOOD,           )<br>     **Petitioner,**                )<br>                               )<br>        v.                     )<br>                               )<br>STATE OF NORTH CAROLINA,       )<br>_____) | **ORDER** |

**THIS MATTER** comes before the Court on Petitioner's "Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus . . . " (document # 1); and on his Application to Proceed in District Court without Prepaying Fees or Costs (document # 1-2), both filed March 31, 2009.

Rule 4 of the Rules Governing Section 2254 Cases, directs habeas courts promptly to examine habeas petitions. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. For the reasons stated herein, Petitioner's IFP Application will be denied, and his Petition will be dismissed as time-barred.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

According to the Petition and exhibits filed therewith, in March of 2002, a jury convicted Petitioner of obtaining property by false pretenses and attempting to obtain property by false

pretenses. Upon being convicted, Petitioner stipulated to having committed the foregoing offenses while having attained the status of an habitual felon. Thus, after he was convicted, the Superior Court of Haywood County determined that Petitioner was subject to sentencing as an habitual felon, and imposed two terms of 138 to 175 months imprisonment upon him.

Petitioner timely appealed his convictions and sentences. On direct appeal, the North Carolina Court of Appeals rejected all of Petitioner's arguments, except one alleging that the trial Court had erred in calculating his prior record level. North Carolina v. Leatherwood, No. COA02-1467, slip op. at 3-4 (Oct. 7, 2003) (unpublished). As to that matter, the State Court determined that the trial Court was not given sufficient evidence to determine that Petitioner's South Carolina convictions (for armed robbery and possession of a violent weapon) substantially were similar to corresponding North Carolina offenses so as to subject Petitioner to a six-point assessment for those offenses. Id. at 3. Therefore, the Court of Appeals remanded Petitioner's case for a proper determination of his prior record level and for re-sentencing. Id. at 4.

Accordingly, on May 12, 2004, a re-sentencing proceeding was held. At the conclusion of that proceeding, Petitioner was re-sentenced to the same 138 to 175 month presumptive terms. Once again, Petitioner appealed those matters. The second time,

however, the State Court of Appeals affirmed his sentences and convictions upon a finding of no error. North Carolina v. Leatherwood, No. COA04-1437, slip op. at 3 (July 5, 2005) (unpublished).

Thereafter, Petitioner did not seek any further direct review. Instead, after a lapse of more than three years, on July 14, 2008, Petitioner initiated his pursuit of collateral review by filing a Motion for Appropriate Relief ("MAR," hereafter) in the Superior Court of Haywood County challenging, inter alia, the effectiveness of his appellate counsel. However, Petitioner's MAR was dismissed with prejudice. Additionally, Petitioner filed a Petition for a Writ of Certiorari in the State Court of Appeals. Nevertheless, Petitioner's pursuit of collateral review was concluded on February 11, 2009, when the Court of Appeals denied his Certiorari Petition.

Now, Petitioner has filed the instant federal § 2254 Petition attempting to argue that he was subjected to a due process violation by virtue of appellate counsel's failure to raise the proper sentencing issues; that his right to be protected from double jeopardy was violated when he was re-sentenced to the same term as he originally received; and that he was subjected to ineffective assistance of counsel due to appellate counsel's failure to raise the proper issues on appeal. Notwithstanding his stated beliefs to the contrary, however, Petitioner's Petition must be summarily dismissed.

## II. ANALYSIS

Indeed, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA, hereafter), effectively amending 28 U.S.C. §2254 by adding the following language:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, as the Court has noted, Petitioner's two convictions and sentences all were affirmed by the North Carolina Court of Appeals on July 5, 2005, and he did not seek any further direct review of those matters. Consequently, Petitioner's cases became final no later than October 5, 2005, that is, after the expiration of the 90-day period during which he could have filed (but did not file) a petition for a writ of <u>certiorari</u> in the U.S. Supreme Court. <u>See</u> <u>Hernandez v. Caldwell</u>, 225 F.3d 435, 439 (4th Cir. 2000). Ultimately, then, in the absence of any intervening circumstances, Petitioner had up to and including October 5, 2006, in which to file the instant § 2254 Petition. <u>Id</u>. (noting the 1-year limitations period set forth by the AEDPA); <u>and</u> <u>Harris v. Hutchinson</u>, 209 F.3 325, 328 (4th Cir. 2000) (same); <u>see also</u> 28 U.S.C. §2244(d)(1) (noting that the 1-year limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."). Obviously, however, Petitioner did <u>not</u> file this Petition by that October 2006 deadline.

Additionally, while it has not escaped the Court's attention that Petitioner did seek post-conviction review in the State court system, that fact is of little consequence here. To be sure, Petitioner did not initiate pursuit of that collateral review until July 2008, which was nearly three years <u>after</u> his convictions and sentences became final. To put it another way, by the time

Petitioner filed that MAR, his October 2006 AEDPA deadline already had fully expired. Consequently, because it is well settled that subsequently filed motions or petitions for collateral review in State court cannot somehow breathe new life into already expired federal limitations periods, Petitioner's delayed pursuit of State collateral review simply came too little too late. See Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct appellate review but before initiation of State collateral review is not tolled from one-year limitations period). In short, the time during which Petitioner pursued collateral review cannot be used to toll the one-year limitations period.

Having allowed more than 33 months to elapse between the time his convictions became final and the date he began his pursuit of federal relief, Petitioner was in the position to know that this Petition might be construed as time-barred.[1] Indeed, question 18

---

[1] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). There, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas forms to comply with Hill. The 2004 forms include a section which directs petitioners to address the "timeliness of their motions." In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the habeas petition is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) [also set forth on the form] does not bar [such] petition." Accordingly, given the fact that Petitioner has attempted to set forth an explanation as to why his Petition should be deemed timely filed -- albeit, unsuccessfully, this Court concludes that he is not entitled to any further warnings or opportunities.

on his form-Petition prompts petitioners whose judgments of conviction became final more than a year before the initiation of their habeas Petitions to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar [their] Petition[s]." In response to such question, Petitioner states:

> I am unsure of the law on this issue and the NC Prisoner Legal Services claim was a MAR could be filed at anytime. I am currently on SCDOC since 12-6-00 and my SC release date is 6-5-13. I have fought both states to the best of my ability and after I filed my Motion for Appropriate Relief (MAR) my filing is with in 10 days or so. Ignorance of law is no excuse and I am sentenced illegally and is a mis-carriage of Justice in violation of U.S. Constitution and I guess I figured it could be fought at any time within the timeliness of the MAR.

Suffice it to say, however, the foregoing statements fall far short of providing a statutory basis for excusing Petitioner's delay in filing this Petition.

Moreover, the Court is aware that equitable tolling of the AEDPA statute of limitations is allowed in "rare instances where–-due to circumstances external to the party's own conduct–-it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc). However, a review of the above statements clearly shows that Petitioner also has not articulated any such rare circumstances for equitable tolling. Indeed, the

Court finds that equitable tolling would be particularly inappropriate here, where Petitioner inexplicably allowed the one-year limitations period completely to expire before he made any effort to exercise his collateral rights in State Court. While Petitioner was entitled to delay his proceedings in that way, he did so at his own peril, and so must fully bear the consequences of that unwise decision.

The Court also is aware of the Fourth Circuit's recent decision in <u>Bilal v. North Carolina</u>, 287 Fed. App'x 241 (4th Cir. July 18 2008), in which the Court specifically limited its holding to the facts of that case and concluded that this Court's <u>sua sponte</u> dismissal of a § 2254 Petition was premature; however, this case is distinguishable from <u>Bilal</u>. In <u>Bilal</u>, the petitioner responded to question 18 on his form petition with an ambiguous "N/A" response, thereby possibly reflecting his confusion as to either the question or his status.

Here, however, Petitioner gave a lengthy, but inadequate, response to the question. Moreover, unlike <u>Bilal</u>, this case does not involve a mere 30-day delay, rather it involves a delay of more than three years from the time that Petitioner's cases became final until the date on which he filed his MAR. As such, this Court finds <u>Bilal</u> inapplicable here. In sum, therefore, the undersigned finds that Petitioner's untimeliness stands as an absolute bar to his entitlement to federal review.

Finally, Petitioner has filed an Application to Proceed In District Court without Prepaying Fees or Costs, seeking permission to proceed with this case without having to pay the $5.00 filing fee. Although that Application reports the absence of an income and no funds in an inmate trust account, Petitioner failed to secure for his Application the appropriate certification from his prison's financial officer. Accordingly, his Application must be denied.

### III. CONCLUSION

The Court has determined that Petitioner has failed conclusively to establish that he lacks sufficient resources from which to pay the meager $5.00 filing fee for this action and, in any event, that the instant Petition was untimely filed without excuse. Therefore, Petitioner will be directed to remit the subject filing fee and his Petition will be dismissed.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

1. Petitioner's IFP Application (document # 1-2) is **DENIED.** Within fifteen (15) days of the date on which this Order is entered, Petitioner shall remit the $5.00 filing fee.

2. Petitioner's Petition for a Writ of Habeas Corpus (document # 1) is **DISMISSED** as untimely filed.

**SO ORDERED.**

Signed: April 6, 2009

*Graham C. Mullen*
Graham C. Mullen
United States District Judge